UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

H&S TOOL, INC.

        Plaintiff,

-v-

BENJAMIN R. AUSTERMAN

        Defendant.

Case No. C-3-07-331

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING AUSTERMAN'S MOTION TO TRANSFER (Doc. #11); STAYING THIS MATTER; REQUIRING H&S TO PROVIDE STATUS REPORTS AND A.O. PROCESSING THIS CASE**

---

Now before the Court is Defendant Benjamin R. Austerman's ("Austerman's") Motion to transfer venue of this action to the Northern District of Ohio pursuant to the "first-filed" rule. In addition to the Briefs submitted by the Parties, the Court entertained oral argument on this Motion on February 12, 2008. This Motion is, therefore, now fully briefed and ripe for decision. A factual and procedural background will first be set forth followed by relevant first-to-file provisions and an analysis of Austerman's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff H&S Tool, Inc. ("H&S") is a manufacturer and supplier of milling and machining tools and is an Ohio corporation having its principal place of business at Wadsworth, Ohio. Austerman is an independent manufacturer's representative for Esco Tool, Inc. ("Esco"), among others, and resides in Casstown, Ohio. Esco is a competitor of H&S and is a Massachusett's company having its principal place of business at Medfield, Massachusetts.

<u>H&S's Complaint Filed In this Matter</u>

H&S's Complaint in this matter was filed on September 10, 2007. This Complaint alleges that Austerman infringed upon one or more of U.S. Patent No. 5,356,248 entitled "Boiler Tube Bank Repair" ("the '248 patent"), U.S. Patent No. 5,542,177 entitled "Boiler Tube Bank Repair" ("the '177 patent") and U.S. Patent No. 6,955,507 B2 entitled "Tube Milling Head" ("the '507 patent"). H&S alleges that it owns the '248, '177 and '507 patents. and the allegations of infringement arise from Austerman's selling or offering for sale products manufactured by Esco which are alleged to infringe upon the '248, '177 and '507 patents.

H&S seeks declaratory judgment that Austerman has infringed upon the '248, '177 and '507 patents and seeks to enjoin Austerman from continuing to sell products that infringe upon the '248, '177 and '507 patents. H&S also seeks to enjoin Austerman from disparaging the patent rights of H&S to H&S's customers and potential customers. Finally, H&S seeks compensatory damages, enhanced damages, interest and costs and attorneys' fees.

Austerman has counterclaimed that H&S violated the Lanham Act by communicating to his existing and prospective customers that certain of Esco's products violated one or more of the claims of the '248, '177 and '507 patents. He also counterclaims that these communications amount to a tortious interference with contractual relations and with prospective economic advantage. His final counterclaim is for a declaratory judgment that the '248, '177 and '507 patents are not infringed, are invalid, are void and are unenforceable. Austerman prays for judgment in his favor on his counterclaims, for a permanent injunction restraining H&S from asserting that his business activities constitute infringement, attorneys' fees and costs, treble damages and punitive damages.

<u>H&S's Complaint Filed In the Northern District of Ohio</u>

On April 12, 2006, H&S filed a Complaint against Esco in the United States District Court for the Northern District of Ohio alleging that Esco infringed upon one or both of the '177 and '507 patents by making, using, selling or offering for sale products that fall within the scope of the '177 and '507 patents (the "Esco Tool Litigation"). *H&S Tool, Inc. v. Esco Tool*, No. 1:06 CV 866 (N.D. Ohio). The Esco Tool Litigation also includes a claim against Esco for contributory infringement and inducement of infringement for continuing to sell or offer for sale infringing products. In the Esco Tool Litigation, H&S seeks a declaratory judgment that the '177 and '507 patents are valid and enforceable and that Esco has infringed on the '177 and '507 patents. H&S also seeks damages for willful infringement and an injunction against further direct infringement. Finally, H&S seeks pre and post judgment interest, attorneys' fees and costs.

Esco has counterclaimed seeking a declaratory judgment that the '177 and '507 patents are not infringed, are invalid, are void and are unenforceable. Esco also counterclaims unfair competition because H&S unlawfully and oppressively brought the action with knowledge that the patents are invalid, unenforceable and/or not infringed. Esco also counterclaims that H&S committed fraud and/or inequitable conduct during the prosecution of the '177 and '507 patents. Esco also counterclaims that H&S tool is infringing upon United States patent 4,739,688 entitled "Boiler Repair"("the '688 patent") and United States patent 5,044,075 entitled "Boiler Repair" ("the '075 patent"), both of which are owned by Esco. Esco's final counterclaim is for contributory infringement and inducement of infringement of the '688 and '075 patents by H&S. Esco prays for judgment in its favor, a permanent injunction enjoining H&S from asserting that Esco's business activities constitute an infringement, a permanent injunction declaring that the '688 and '075 patents are enforceable and that H&S is infringing upon them, attorneys' fees and

costs.

Discovery in the Esco Tool Litigation has commenced and a scheduling order is pending. No trial date has been set.

## RELEVANT FIRST-TO-FILE PROVISIONS

The first-to-file rule is generally stated as, "[w]hen actions involving nearly identical parties and issues have been filed in two different [federal] district courts, the court in which the first suit was filed should generally proceed to judgment." *Bandit Industries v. Woodsman, Inc.*, No. 007-11401, 2007 WL 2773567 at *2 (E.D. Mich. Sept. 21, 2007)(quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001)). The rule is discretionary and encourages comity among federal courts of equal rank. *Id.* The general principle is to avoid duplicative litigation. *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp.2d 899, (N.D. Ohio 1999)(citing *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774, 778 (6th Cir. 1957)). Importantly, the Federal Circuit, which has exclusive subject matter jurisdiction over appeals that involve patent rights, favors application of the first-to-file rule in the absence of circumstances making it "unjust or inefficient" to permit a first-filed action to proceed to judgment. *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005).

The first-to-file rule is not a blanket rule and may be dispensed with as equity so requires. *Id.* "The typical circumstances under which an exception to the first-to-file rule applies include bad faith, anticipatory suit, and forum shopping[1]". *Supervalu, Inc. v. Executive Development Systems, Inc.*, No. CV-06-329, 2007 WL 129039 at *2 (D. Idaho Jan. 12, 2007)(citing *Alltrade,*

---

[1] Forum shopping refers to the selection of a forum based on the favorableness of the forum's substantive law and not merely based upon considerations of convenience. *Koresko v. Nationwide Life Insurance Co.*, 403 F. Supp.2d 394, n.8 (E.D. Pa. 2005).

-4-

*Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). Courts have also granted exceptions when the second-filed action is further along than the first-filed action. *Koresko*, 403 F. Supp.2d at 399.

When the first-to-file rule is invoked by a court, the court may exercise its discretion to stay the suit before it, it may allow both suits to proceed or it may enjoin the parties from proceeding in the other suit. *Smith v. Securities and Exchange Commission*, 129 F.3d 356, 361 (6th Cir. 1997). Courts, however, generally proceed under the rule that the entire action should be decided by the court in which an action was first filed. *Id.*

Three factors are used to determine whether the first-to-file rule should be invoked to transfer a case: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *NCR Corp. v. First Financial Computer Services, Inc.*, 492 F. Supp.2d 864, 866 (S.D. Ohio 2007).

### Chronology of the Actions

As to the first factor, courts consider the date that an original complaint is filed as the filing date. *Id.* The filing date of the allegedly first-filed complaint is compared to the filing date of the complaint which is sought to be transferred. *Id.*

### Similarity of the Parties

As to the second factor, courts compare the parties in the first-filed complaint to the parties in the complaint which is sought to be transferred. *Id.* The parties in the two actions need not be identical but there must be similarity or a substantial overlap. *Supervalu, Inc.*, 2007 WL 129039 at *1(citing *Gen. Prods. Mach. Shop, Inc. v. Systematic, Inc.*, 2006 WL 2051737 at *1 (D. Idaho July 20, 2006)).

Regarding similarity of the parties, privity is a designation for persons who have a sufficiently close relationship with the record parties to be bound by the judgment. *LivingCareAlternatives of Kirkersville, Inc.* v. *United States*, Nos. 05-4418, 06-3163 and 06-3166, 2007 WL 2566032 at *10 (6th Cir. Sept. 5, 2007). The Sixth Circuit recognizes three categories of privity: (1) *successors in interest* to a party will be bound by a judgment against that party; (2) a non party who *controlled* the original suit will be bound by the resulting judgment; or (3) a non party who is *adequately represented* by a party will also be precluded from litigating the same issues. *Id.* (citing *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999))(emphasis added).

The Federal Circuit also recognizes the doctrine of privity. *Earth Resources Corp. v. United States*, 44 Fed. Cl. 274, 284 (Fed. Cl. 1999)(citing *Shamrock Technologies, Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990)). Privity, according to the Federal Circuit, is determined upon a balance of the equities. *Id.* The closer that relationship between the parties, the more the equities will favor applying the doctrine. *Id.*

Under the first category, a successor in interest is one who follows another in ownership or control of property. *Blacks Law Dictionary* 604 (pocket ed. 1996). A successor in interest generally retains the same rights as the original owner, with no change in substance. *Id.*

Under the second category, having control of the litigation requires that a person have effective choice as to the legal theories and proofs to be advanced on behalf of the party to the action as well as control over the opportunity to obtain review. *LivingCareAlternatives*, 2007 WL 2566032 at *10 (citing *Becherer*, 193 F.3d at 423)). Therefore, privity pursuant to the second category exists when there is substantial identity between the parties. *Id.* For example,

sufficient substantial identity exists between the president/sole shareholder and his or her company, between a parent corporation and its subsidiary, between an indemnitor and its indemnitee, and a liability insurer and an insured. *Id.*

The third category of privity is sometimes referred to as "virtual" representation. *Id.* at *11. Virtual representation requires an express or implied legal relationship in which parties to the first suit are accountable to non parties who file a subsequent suit raising identical issues. *Id.*(citing *Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1175 (5th Cir. 1987)). Virtual representation may also be established by a non party's express agreement to be bound by or acquiesce to a party's representation. *Id.* However, while indemnification is some evidence of privity, indemnification alone does not mandate a finding of privity. *Earth Resources*, 44 Fed. Cl. at 286.

Virtual representation requires more than a showing of parallel interest or use of the same attorney. *Fitzgibbon v. Martin County Coal Corp.*, No. 05-36, 2007 WL 1231509 at *9 (E.D. Ky. Apr. 25, 2007). The types of relationship contemplated as virtual representations are "estate beneficiaries bound by administrators, presidents and sole stockholders bound by their companies, parent companies bound by their subsidiaries and a trust beneficiary bound by the trustee. *Id.* (citing *Pollard v. Cockrell*, 578 F.2d 1002, 1008-09 (5th Cir. 1978)).

Similarity of the Issues

"In determining whether the cases involve the same issue, 'it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree.'" *Supervalu, Inc.*, 2007 WL 129039 at *1(quoting *Gen. Prods. Mach. Shop*, 2006 WL 2051737 at * 2). For example, where the same set of general facts will

apply to the adjudication of both claims, the issues are similar. *Id.* at *2. However, where cases involve different defendants, different patent claims[2], different claim scopes, different accused products and a different industry, the issues to be decided are not substantially similar. *Datamize, Inc. v. Fidelity Brokerage Services*, LLC, No. 2:03-CV-321, 2004 U.S. Dist. LEXIS 29100 at *11 (E.D. Texas Apr. 22, 2004).

## ANALYSIS OF AUSTERMAN'S MOTION

The Parties have presented no evidence or argument of bad faith, anticipatory suit or forum shopping. Therefore, consideration of the first-to-file rule may proceed with an analysis of the factors set forth by the Sixth Circuit.

### Chronology Of the Actions

H&S's complaint in the Esco Tool Litigation was filed on April 12, 2006. H&S's complaint in this matter was filed on September 10, 2007. Therefore, H&S's complaint in the Esco Tool Litigation was filed before H&S's Complaint in this matter.

### Similarity Of the Parties

The plaintiff in the Esco Tool Litigation is H&S and the Defendant is Esco. The Plaintiff in this matter is H&S and Austerman is the defendant.

Although the named parties are different between the two lawsuits, Austerman argues that the parties are similar because his is in privity with Esco. The Sixth Circuit recognizes three types of privity: (1) privity between successors in interest; (2) privity between a party and a non

---

[2]It is a fundamental principle of patent law that two applications cannot claim the same invention and the Federal Circuit has determined that where there are even small differences in the language of claims in related patents, each patent should be construed independently. *Datamize*, 2004 U.S. Dist. LEXIS 29100 at *14, *17-18 (citing *ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1384 (Fed. Cir. 2003)).

party who controlled the original suit; and (3) virtual representation.

### Successors In Interest

In this case, there are no allegations that Austerman is a successor in interest to Esco nor is there argument that Esco is a successor in interest to Austerman. Therefore, the first type of privity does not apply.

### Party Who Controlled the Original Suit

In this case, there are no allegations that Austerman controls the original suit, the Esco Tool Litigation. Therefore, the second type of privity does not apply.

### Virtual Representation

Austerman argues that he is in privity with Esco because Esco has agreed to indemnify him in the event that a judgment for infringement is taken against him on the '248, '177 and '507 patents. (Affidavit of Benjamin R. Austerman ("Austerman Aff.") ¶¶ 3, 5 Oct. 17, 2007). H&S responds that Austerman and Esco are not in privity because Austerman has not agreed to be bound by Esco's representation and Austerman has not acquiesced to representation by Esco.

H&S also responds that the agreement to indemnify is verbal and not written. To this Austerman responds that, thus far, Esco has provided legal representation to him at Esco's expense.

The law cited by both parties provides that virtual representation may be shown when there is an express or implied legal relationship in which parties to the first suit are accountable to non parties or when a non party manifests an express agreement to be bound by or acquiesce to a party's representation. In this case, there is no evidence that Esco is accountable to Austerman in the Esco Tool Litigation. There is also no evidence that Austerman has manifested

an express agreement to be bound by or has acquiesced to Esco's representation in the Esco Tool Litigation. This is not surprising because the law cited by both Parties contemplates privity in a situation where a non party to the first suit files (is the plaintiff in) the second suit and that is not the case here.

In one case discussed by both parties, the first-filed court declined to enjoin proceedings in the second-filed case but did consider privity between the defendants in the two cases in doing so. *Hayes Lemmerz International, Inc. v. Epilogics Group*, No. 03-CV-70181, 2006 WL 2571987 at *2 (E.D. Mich. Sept. 5, 2006)(citing *Urbain v. Knapp Brothers Manufacturing*, 217 F.2d 810, 815 (6th Cir. 1954), *cert. denied*, 349 U.S. 930 (1955). This consideration of privity was based upon a Sixth Circuit decision which permitted the court in the first-filed case to enjoin proceedings in the second-filed case. However, here there is a motion to transfer the second-filed case filed in the second-filed case and not a motion to enjoin the second-filed case filed in the first-filed case. Therefore, the legal discussion regarding privity in *Hayes Lemmerz* is not applicable here either.

Even if the law cited regarding privity were somehow to apply here, an agreement for Esco to indemnify Austerman in this case is not enough to show privity. *See Earth Resources*, 44 Fed. Cl. at 286 (an agreement to indemnify does not mandate a finding of privity). Privity would require a showing that both Austerman and Esco would be bound by the judgment in both this case and the Esco Tool Litigation. Here, there is no evidence that Austerman has agreed to be bound by the judgment in the Esco Tool Litigation.

Austerman is an "independent sales representative" who sells Esco's products within the state of Ohio. (Austerman Aff. ¶ 4.) There is no indication that Austerman is employed only by

Esco. There is, however, an indication that Esco is currently defending Austerman in this case.[3] This is not the type of relationship contemplated by the virtual representation doctrine.

There must be more than indemnification and Austerman has not presented more. The Parties in this case are not substantially similar to the parties in the Esco Tool Litigation.

Similarity of the Issues

Both complaints allege infringement on one or both of the '177 and '507 patents. The complaint in this case alleged infringement of the '248 patent in addition to infringement of the '177 and '507 patents. Therefore, although some of the issues regarding the patents are the same, not all of them are the same.

Austerman argues that the issues are similar because the '177 patent is a continuation-in-part of the '248 patent. However, infringement of the '248 patent is a cause of action independent of infringement of the '177 and '507 patents because the patents are different. *See Sofamor Danek Holdings, Inc. v. United States Surgical Corp.*, No. 98-2369, 1998 U.S. Dist. LEXIS 21746 at *9 (W.D. Tenn. Nov. 16, 1998); *accord*, *In re Metoprolol Succinate Patent Litigation*, 494 F.3d 1011, 1018 (Fed. Cir. 2007)(35 U.S.C. § 101 is a "statutory prohibition against claims of the same invention").

In addition to the patent issues, Austerman, in this case, has counterclaimed, whether compulsory or not, that H&S violated the Lanham Act and tortiously interfered with contractual relations and prospective economic advantage. These counterclaims will not be addressed in the Esco Tool Litigation.

---

[3]Austerman argues that H&S's counsel, Mr. Weber, is Esco's counsel of record in the Esco Tool Litigation and is "of counsel" in this case. However, the docket record of this case does not indicate that Mr. Weber has entered an appearance as counsel for Austerman.

Therefore, Austerman has not shown that the issues in this litigation are substantially similar to the issues in the Esco Tool Litigation. A determination in the Esco Tool Litigation would not conclude this case.

## CONCLUSION

Although the Esco Tool Litigation was filed before the case now before the Court, Austerman has not shown that the parties to both cases are substantially similar or that the issues in both cases are substantially similar. Therefore, this case will not be transferred to the United States District Court for the Northern District of Ohio and Austerman's Motion To Transfer Under the First-Filed Rule (doc. #11) is OVERRULED. But there is more.

Both the '177 and '507 patents are at issue in both cases and, based upon the pleadings, the case that is now before this Court cannot be completely resolved without a decision as to who, if anyone, is infringing upon the '177 and '507 patents. Further, in the interest of judicial comity and economy, there is no need for two separate district courts to initially determine who, if anyone, is infringing upon these two patents.[4] The United States District Court for the Northern District of Ohio has the first-filed case alleging infringement and should be permitted to proceed to judgment on the issues regarding the '177 and '507 patents. Therefore, this matter is STAYED until such time as judgment is reached in the Esco Tool Litigation.

H&S is hereby ordered to inform this Court as to when the United States District Court for the Northern District of Ohio has reached judgment in the Esco Tool Litigation. Further,

---

[4]The issue of what preclusive effects, if any, rulings by the Northern District of Ohio Court on the '177 and '507 patents will have in this case is left open since that may depend upon the nature of those rulings. Also, Austerman's Counsel has initially indicated that he currently does not plan to relitigate the '177 and '507 patents in this case.

H&S is hereby ordered to provide a status report on the Esco Tool Litigation every six months beginning six months after entry of this Order until such time as the United States District Court for the Northern District of Ohio has reached judgment in the Esco Tool Litigation.  Finally, this case is found to be suitable for administrative processing pending the lifting of the stay.

DONE and **ORDERED** in Dayton, Ohio, this Fourteenth day of February, 2008.

**s/Thomas M. Rose**
_____
THOMAS M. ROSE
UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record